### STATE v. JAMES LEE INMAN.

(Filed 9 October 1963.)

**Grand Jury; Constitutional Law § 29—**

> When defendant, upon the call of the case for trial and prior to pleading to the indictments, moves to quash on the ground that members of his race were systematically excluded from the grant and petit juries because of race, and requests time to gather evidence substantiating his motion, due process requires that he be given reasonable opportunity to produce such evidence if any he has. The fact that counsel had been employed in the case and the case calendared for trial more than four weeks without issuance of any subpoena for witnesses to substantiate the motion, does not alter this result, although it suggests the advisability of prompt arraingment.

APPEAL by defendant from *Froneberger, J.,* 6 May 1963 Regular "B" Criminal Session of MECKLENBURG.

Appeal by defendant from two judgments of imprisonment based upon a verdict that he was guilty of an assault with intent to commit rape and of common law robbery.

*Attorney General T. W. Bruton and Deputy Attorney General Ralph Moody for the State.*
*Charles V. Bell for defendant appellant.*

PER CURIAM. The two indictments in this case, one charging the defendant with an assault on Emily W. Smith on 26 February 1963, with intent to commit rape, a violation of G.S. 14-22, and the other charging defendant and two other persons on the same date with robbery of $34 in money from the person of Emily W. Smith, were consolidated for trial.

Defendant, a Negro, before pleading to the two indictments, made a motion to quash the indictments on the ground that Negroes are systematically excluded from serving on grand and petit juries in the superior court of Mecklenburg County, and were systematically excluded in particular from serving on the grand jury that returned the two indictments against him as true bills. The court summarily overruled the motion, and defendant excepted and assigns this as error. Defendant's counsel then asked the court for sufficient time to furnish it information to substantiate his motion. The prosecuting officer for the State opposed the request, because counsel for defendant had been employed in the case for more than four weeks, knew the case had been calendared for trial for more than four weeks, and had not issued any subpoena for witnesses to substantiate his motion. The

court denied the request of defendant's counsel, and defendant excepted and assigns this as error. Defendant then entered a plea of not guilty and the trial proceeded. He was found guilty and sentenced to imprisonment in each case.

The trial court committed reversible error in refusing to grant defendant sufficient time to offer evidence in support of his motion to quash the indictments on the ground that members of his race, by reason of their race, were systematically excluded from serving on the grand jury that returned the indictments here as true bills. Whether defendant can establish the alleged racial discrimination or not, due process of law demands that he have his day in court on this matter, and such day he does not have unless he has a reasonable opportunity to produce his evidence, if he has any. *S. v. Perry,* 248 N.C. 334, 103 S.E. 2d 404; *S. v. Covington,* 258 N.C. 495, 128 S.E. 2d 822.

There is nothing in the record to indicate defendant's counsel had subpoenaed any witness or witnesses, or had any witness or witnesses in court to substantiate his motion to quash the indictments. In order to further the orderly dispatch of business in the criminal courts, and to prevent a delay in a trial on the merits when the witnesses for the State and for the defendant and a jury are present in court, it might be preferable to arraign a defendant as promptly as is reasonably proper after an indictment is found against him, so that if a motion to quash the indictment is made, as here, it may be disposed of before the case is calendared or set for trial.

The verdict and the judgment in each case are reversed, and the cases are remanded for further proceedings, as ordered in *S. v. Perry, supra,* and in *S. v. Covington, supra.*

Reversed.