STATE OF NORTH CAROLINA v. PEARL BELK.

(Filed 12 January, 1968.)

**1. Criminal Law § 144—**

The judgment of the court is *in fieri* during the term in which it is rendered and it may be modified, amended, or reversed at any time during the term.

**2. Grand Jury § 1; Constitutional Law § 29—**

While defendant, prior to pleading to the indictment, is ordinarily entitled to present evidence in support of a motion to quash on the ground that members of defendant's race were systematically excluded from the grand jury, the action of the trial court in declining to hear the evidence of defendant in this case *is held* without error when the court, after verdict, judgment and notice of appeal had been given, offered defendant an opportunity, which he declined, to present evidence during the term in support of the motion.

APPEAL by defendant from *Bailey, J.,* May-June 1967, Criminal Session, MECKLENBURG Superior Court.

The defendant was charged in a bill of indictment with illegal possession of a narcotic drug, to wit: marijuana, and in another count with the sale of marijuana to a minor child sixteen years of age. Before pleading to the bill of indictment, the defendant, a negro, through her counsel moved to quash it upon the grounds that negroes had been systematically excluded from the grand jury and that it was therefore illegally composed. The presiding judge denied the motion and would not allow the defendant to introduce evidence in support of the motion.

The defendant then entered a plea of not guilty, and upon trial before a jury a verdict of guilty on both counts was rendered. From a judgment of imprisonment the defendant appealed, assigning the action of the Court stated above as error.

*Charles V. Bell, Attorney for defendant appellant.*

*T. W. Bruton, Attorney General, and Andrew A. Vanore, Jr., Staff Attorney, for the State.*

PER CURIAM.  From the record it appears that at the time the defendant's motion to quash the bill of indictment was made the judge was informed that the question had theretofor been tested and it had been found that the grand jury was legally composed. Apparently for that reason he declined to hear evidence in support of the motion; however, after verdict, judgment and appeal, he offered the defendant an opportunity to present evidence in support of her motion.

It is well recognized that the action of a court is *in fieri* during the term in which it is rendered and that it may be modified, amended, or reversed at any time during the term. *State v. Godwin,* 210 N.C. 447, 187 S.E. 560.

The opportunity to offer evidence in support of the defendant's motion was presented to the defendant later in the same week and in the same term of court, to-wit: Friday, June 9. At that time the defendant's counsel said he was not ready to present this evidence, although he had asserted that he was ready when the motion was made four days earlier; and when called upon to state what evidence he had, defendant's attorney said that he had none and that it would take him two or three weeks to get it. The Court then offered the defendant an opportunity to present her evidence at a later time, which was not accepted; but the Court set June 26 as the time for hearing evidence on the motion. The Solicitor for the State consented thereto. On June 26 the defendant again declined to present evidence upon her motion, contending that the Court had no authority to quash the bill of indictment after verdict, judgment and appeal at the same term and especially was without such authority at a later term. Upon questioning by the Judge, her attorney finally admitted that he had not talked with the witnesses he had proposed to use and did not know what they would say.

Upon evidence offered by the State, the Court found that no mark indicating race, creed or color was put on the juror's name slips, and it would have therefore been impossible to discriminate when the names were drawn for jury service, and further found as a fact that there were two negroes on the grand jury which had indicted the defendant.

While it is true that the defendant was entitled to present evidence in support of her motion to quash (*State v. Inman,* 260 N.C. 311, 132 S.E. 2d 613; *State v. Yoes,* 271 N.C. 616, 157 S.E. 2d 386) and that it should have been heard before the defendant was required to plead to the bill of indictment, the defendant was offered an opportunity to avoid any disadvantage when the presiding judge offered to hear her evidence later during the same term. There can be no doubt that the judge had the discretionary power to set the ver-

dict and judgment aside at that time and to quash the bill of indictment. However, the defendant, acting under the erroneous impression that since the appeal entries had been made the Court had lost authority in connection with the matter,. declined the opportunity. The defendant's position would have been well taken if the term had already expired at that time. *Dellinger v. Clark*, 234 N.C. 419, 67 S.E. 2d 448.

The defendant's contention that the Court had no authority to continue the motion to be heard at a later date is not well founded under the facts in this case. First, because there was no way she could lose. The Court had already denied her motion, and he could only reverse himself and quash the indictment, which would have been to the advantage of the defendant. Also, the State, which alone could have been disadvantaged, made no objection to the June 26 hearing.

From the record it appears doubtful that the motion was originally made in good faith, and it is quite obvious that the defendant seeks to rely upon technicalities that have no merit.

No error.