STATE OF NORTH CAROLINA v. JOHN MARSHALL HULLENDER, JR.

No. 7027SC90

(Filed 6 May 1970)

**1. Constitutional Law § 36;  Larceny § 10— punishment for misdemeanor larceny — cruel and unusual punishment**

Sentence of 18 to 24 months imposed upon defendant's plea of guilty of larceny of property of the value of not more than $200 does not constitute cruel and unusual punishment, the offense being a misdemeanor punishable under G.S. 14-3(a) by fine, imprisonment for a term not exceeding two years, or both, in the discretion of the court. G.S. 14-72(a).

**2. Criminal Law § 138— severity of sentence — discretion of court**

Within the limits of the sentence permitted by law, the character and extent of the punishment to be imposed is a matter for the sound discretion of the court, and may be reviewed by the appellate court only in case of manifest and gross abuse.

**3. Criminal Law § 138— severity of sentence — plea of guilty or nolo contendere — factors which court may consider**

In making its determination of the punishment to be imposed after a plea of guilty or *nolo contendere,* the trial court is not confined to evidence relating to the offense charged, but may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment; hence, the court may inquire into such matters as the age, character, education, environment, habits, mentality, propensities and record of the defendant.

**4. Criminal Law § 138— active sentence for defendant, suspended sentence for codefendant**

The trial court did not err in imposing an active prison sentence on defendant after his plea of guilty of misdemeanor larceny while imposing a suspended sentence on a codefendant who pleaded guilty to the same offense.

APPEAL by defendant from *Hasty, J.,* 6 October 1969 Session of GASTON Superior Court.

Defendant was indicted for armed robbery, the bill of indictment charging that the offense occurred on 23 August 1969 and that defendant took $30.00 from the person of his victim. He pleaded guilty to misdemeanor larceny and the State accepted his plea. Judgment was imposed sentencing defendant to prison for a term of not less than 18 nor more than 24 months. The court recommended defendant be granted work release privileges if and when in the opinion of the Commissioner of the Department of Correction his correctional progress should warrant. Defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*L. B. Hollowell, Jr., for defendant appellant.*

PARKER, J.

Defendant makes two assignments of error: first, that his constitutional rights were violated in that the sentence imposed constituted cruel and unusual punishment, and second, that the court erred in imposing an active prison sentence upon him while imposing a suspended sentence upon a codefendant. There is no merit to either assignment.

Before accepting defendant's plea, the trial court made due inquiry and determined that the plea was freely, understandingly and voluntarily made. Before imposing sentence, the court heard the testimony of the prosecuting witness which tended to show defendant's guilt of a more serious offense than that to which he pleaded guilty.

**[1]** Defendant was indicted for the crime of armed robbery, a felony punishable by imprisonment for not less than five nor more than thirty years. G.S. 14-87. "Robbery, a common-law offense not defined by statute in North Carolina, is merely an aggravated form of larceny." *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194. Larceny from the person, without regard to the value of the property in question, is a felony. G.S. 14-72(b) (1). Here, the State accepted defendant's plea of guilty to the lesser included offense of larceny of property of the value of not more than $200.00. Under G.S. 14-72(a) this offense is a misdemeanor punishable under G.S. 14-3(a), by fine, by imprisonment for a term not exceeding two years, or by both, in the discretion of the court. The sentence imposed on defendant was within the limit authorized by the statute. "When punishment does not exceed the limits fixed by statute it cannot be classified as cruel and unusual in a constitutional sense (citing cases), unless the punishment provisions of the statute itself are unconstitutional." *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345. The punishment provisions of G.S. 14-3(a) under which defendant was sentenced are not unconstitutional.

**[2, 3]** Within the limits of the sentence permitted by law, the character and extent of the punishment to be imposed is a matter for the sound discretion of the court, and may be reviewed by the appellate court only in case of manifest and gross abuse. *State v. Sudderth,* 184 N.C. 753, 114 S.E. 828. In making its determination of what punishment should be imposed after a plea of guilty or *nolo*

*contendere,* the trial court is not confined to evidence relating to the offense charged. "It may look anywhere, within reasonable limits, for other facts calculated to enable it to act wisely in fixing punishment. Hence, it may inquire into such matters as the age, the character, the education, the environment, the habits, the mentality, the propensities, and the record of the person about to be sentenced." *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695. Obviously these factors will be different for different defendants and there is no requirement that the same punishment must be imposed on codefendants who plead guilty to the same offense.

[4]    Before imposing sentence upon defendant and his codefendant in the present case, the trial court heard the testimony of the prosecuting witness as to the part each defendant played in committing the offense with which they were charged. The court also heard defendant's admission that he had served a previous prison sentence from which he had only recently been released. In the sentence which the trial court imposed upon defendant there was clearly no abuse of discretion, and the sentence will not be reviewed on appeal.

Defendant was represented at his arraignment and sentencing and upon this appeal by counsel provided for him at public expense. The record would indicate that his counsel served him well. He has no just cause to complain of the sentence imposed, and the judgment appealed from is

Affirmed.

BRITT and HEDRICK, JJ., concur.