STATE OF NORTH CAROLINA v. JOE MACELVIS GOODE

No. 7220SC606

(Filed 20 September 1972)

Criminal Law § 138— severity of sentence — evidence of other offenses considered

Since the character and the extent of the punishment imposed is within the discretion of the trial court, and it is not an abuse of discretion for the trial judge to inquire, within reason, into matters outside the evidence relating to the offense when determining what punishment should be imposed after accepting a plea of guilty, defendant cannot complain that the solicitor's announcement that a *nolle prosequi* was being entered in other cases may have resulted in the imposition of a more severe sentence than would have otherwise been imposed where the sentence imposed was within the limits authorized by law.

APPEAL by defendant from *Collier, Judge,* 27 March 1972 Session of Superior Court held in STANLY County.

Defendant pleaded guilty to felonious breaking and entering. The court duly found the plea to be freely, understandingly and voluntarily made and accepted the plea of guilty. After acceptance of that plea, the solicitor announced that the State would take a *nolle prosequi* in other, unspecified, cases against the defendant.

The State's evidence included that of the Sheriff of Stanly County who stated, among other things, that he was familiar with three other cases in which defendant was charged with larceny. Defendant's counsel objected to this evidence on the grounds that a *nolle prosequi* had been taken in those cases. The question referring to those cases was withdrawn by the solicitor. The Sheriff then read the defendant's criminal record to the court.

Defendant offered no evidence. Judgment was entered sentencing defendant to prison for a term of not less than four nor more than six years.

*Attorney General Robert Morgan by Assistant Attorney General R. S. Weathers for the State.*

*S. Craig Hopkins for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the solicitor's announcement that a *nolle prosequi* was being entered in other cases may have resulted in the imposition of a more severe sentence than would have otherwise been imposed.

It has long been the accepted rule in North Carolina that within the limits of the sentence authorized by law, the character and the extent of the punishment imposed is within the discretion of the trial court and is subject to review only in cases of gross abuse. *State v. Sudderth,* 184 N.C. 753, 114 S.E. 828. It is not an abuse of discretion for the trial judge to inquire, within reason, into matters outside the evidence relating to the offense when determining what punishment should be imposed after accepting a plea of guilty. The court may inquire into, among other things, the habits, the propensities and the record of the person about to be sentenced. *State v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695; *State v. Hullender,* 8 N.C. App. 41, 173 S.E. 2d 581.

Defendant pleaded guilty to an offense codified under G.S. 14-54, for which punishment by a fine or by imprisonment for a period up to ten years or by both is authorized by G.S. 14-2. The sentence he received is considerably less than that authorized by statute. The record in this case reveals no abuse of discretion. The judgment is affirmed.

Affirmed.

Judges PARKER and GRAHAM concur.