STATE OF NORTH CAROLINA v. GREGORY SCOTT DAVIS

No. 813SC1388

(Filed 20 July 1982)

1. **Criminal Law § 144— modification of judgment during session—deletion of aggravating factor**

   The trial court had the authority during the session to change a judgment in an armed robbery case by deleting one of its findings with respect to aggravation even though notice of appeal had been entered by defendant.

2. **Criminal Law § 138— fair sentencing act—deletion of aggravating factor—failure to reduce sentence**

   The trial court did not abuse its discretion in failing to reduce the term of imprisonment imposed for armed robbery after it deleted one of the aggravating factors it had found where the court again weighed the aggravating against the mitigating factors and again found by the preponderance of the evidence that the aggravating factors outweighed the mitigating factors. G.S. 15A-1340.4(b).

3. **Criminal Law § 138— fair sentencing act—weight of aggravating and mitigating factors—discretion of court**

   Although the trial court is required to consider all statutory aggravating and mitigating factors to some degree in imposing a sentence for a felony, the court may very properly emphasize one factor more than another in a particular case, and the balance struck by the court will not be disturbed if there is support in the record for such determination. G.S. 15A-1340.4(a).

4. **Criminal Law § 138— fair sentencing act—aggravating and mitigating factors—necessity for setting out in judgment**

   Although the trial judge is required to consider all of the statutory aggravating and mitigating factors in imposing the sentence for a felony, he is

only required to set out in the judgment the factors that he determines by the preponderance of the evidence are present and is not required to list in the judgment statutory factors that he considered and rejected as being unsupported by the preponderance of the evidence.

APPEAL by defendant from *Brown, Judge.* Judgment entered 15 September 1981 in Superior Court, PITT County. Heard in the Court of Appeals 8 June 1982.

Defendant entered a plea of guilty to armed robbery and to assault with a deadly weapon inflicting serious injury. After considering evidence at defendant's sentencing hearing, held 15 September 1981, the trial court imposed a sentence of forty years. Defendant appealed.

Subsequent to the imposition of sentence and entry of appeal, the trial court, on 16 September 1981, modified its findings of fact as follows:

Mr. Davis, yesterday when the Court entered judgment in your case, I found as one of the factors in aggravation that you knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the life of one person. And during the evening recess and after reviewing the statute, the Court has determined that that would not be a proper fact in aggravation in your case.

And, therefore, the Court strikes its findings in aggravation that you knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. The Court makes no other change in its judgment as to its findings in aggravation and mitigation, and finds again that the facts in aggravation outweigh the factors in mitigations [*sic*], and that the factors found were proven by a preponderance of the evidence.

The trial court found the following factor in aggravation of punishment: the defendant had prior felony convictions. In mitigation of punishment, the trial court found that "[p]rior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrongdoing in connection with the offense to a law enforcement officer" and that defendant had provided helpful information to the sheriff's department.

At the sentencing hearing, defendant testified to the following:

1. He is twenty-two years old and prior to his arrest worked as a painter.

2. He felt that it was necessary to participate in this and other crimes in order to please his friends. He "may have some type of mental problem."

3. Although defendant denied carrying a shotgun or participating in the assault of one of the victims of the robbery, there was evidence to the contrary at the hearing.

4. Defendant was willing to aid in the apprehension of two of the assailants and to testify at any time in the future for the state in order to aid in their convictions.

*Attorney General Edmisten, by Assistant Attorney General Elaine J. Guth, for the State.*

*Dixon, Horne & Duffus, by Randy D. Doub, for defendant.*

MARTIN (Harry C.), Judge.

A defendant has a right of appeal if he pleads guilty and the sentence exceeds the presumptive term set by N.C.G.S. 15A-1340.4 and if the judge was required to make findings as to aggravating and mitigating factors. N.C. Gen. Stat. 15A-1444(a1) (Cum. Supp. 1981). Appeal under this subsection, however, is limited to the issue of whether the sentence entered is supported by evidence introduced at the trial and sentencing hearing. *Id.*

[1] Defendant contends that the trial judge did not have authority to change the judgment in this case after it had been entered and after defendant gave notice of appeal. Defendant was sentenced on Tuesday, 15 September 1981, and on 16 September 1981, the court amended the judgment by deleting one of its findings with respect to aggravation. The court again found that the aggravating factors outweighed the mitigating factors by the preponderance of the evidence, and did not change the term of imprisonment.

Although this issue is not subject to appellate review under N.C.G.S. 15A-1444(a1), we have considered it, and hold that the court did not commit error in amending its judgment. The amend-

State v. Davis

ment was made during the session. All orders and judgments are in fieri during the session and may be amended or vacated by the court during the session. *State v. Hill,* 294 N.C. 320, 240 S.E. 2d 794 (1978). This is true even though notice of appeal has been entered. *State v. Belk,* 272 N.C. 517, 158 S.E. 2d 335, *cert. denied,* 393 U.S. 880 (1968); *In re Tuttle,* 36 N.C. App. 222, 243 S.E. 2d 434 (1978). Contrary to defendant's argument, there is no evidence that the court changed the judgment because defendant had given notice of appeal. Moreover, the deletion was in defendant's favor and could not be prejudicial.

Defendant challenges the validity of the findings of fact that the court deleted from its judgment. This issue is moot.

[2] The trial court did not abuse its discretion in failing to reduce the term of imprisonment after it deleted one of the aggravating factors it had found. After doing so, the court again weighed the aggravating against the mitigating factors and again found by the preponderance of the evidence that the aggravating factors outweighed the mitigating factors. N.C. Gen. Stat. 15A-1340.4(b) (Cum. Supp. 1981). As a result, the trial court did not reduce the prison term.

The fair sentencing act did not remove, nor did it intend to remove, all discretion from the sentencing judge. Judges still have discretion to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors, the weighing of which is a matter within their sound discretion. Thus, upon a finding by the preponderance of the evidence that aggravating factors outweigh mitigating factors, the question of whether to increase the sentence above the presumptive term, and if so, to what extent, remains within the trial judge's discretion.

[3] The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may very properly emphasize one factor more than another in a particular case. N.C. Gen. Stat. 15A-1340.4(a). The balance struck by the trial judge will not be

disturbed if there is support in the record for his determination. *People v. Piontkowski*, 77 Ill. App. 3d 994, 397 N.E. 2d 36 (1979) (so holding under a similar state statute). *Accord, State v. Brookover*, 124 Ariz. 38, 601 P. 2d 1322 (1979) (rehearing denied); *State v. Marquez*, 127 Ariz. 3, 617 P. 2d 787 (1980).

Under the circumstances of this case, the trial court did not abuse its discretion by imposing the prison sentence to which defendant objects. Having determined by the preponderance of the evidence that the aggravating factors outweighed the mitigating factors, Judge Brown then, in his discretion, could sentence the defendant to a prison term in excess of the presumptive sentence. Defendant and another man committed a robbery with the use of a double-barreled 12-gauge shotgun. One victim was beaten across the arm with the shotgun; another was knocked unconscious with the shotgun and required hospitalization. Two persons were robbed. The defendant had a previous record of felony convictions. After investigation began but before arrest, defendant voluntarily acknowledged his own wrongdoing to a law enforcement officer and also provided helpful information to the Pitt County Sheriff's Department. The sentence was within the statutory limit and does not constitute gross abuse of discretion. *State v. Sudderth*, 184 N.C. 753, 114 S.E. 828 (1922); *State v. Goode*, 16 N.C. App. 188, 191 S.E. 2d 241 (1972).

[4] Defendant argues that the trial court erred in failing to find several mitigating factors. We do not agree. We note that defendant did not object at the sentencing hearing to any of the findings of fact, nor did he tender any proposed findings of fact to the trial court. Upon the evidence in this record on appeal, we hold that defendant has failed to show any abuse of discretion by the trial court in failing to make the findings of which he now complains for the first time. There is nothing in the record to indicate that the court failed to consider any of the statutory factors. Although the trial judge is required to consider all of the statutory aggravating and mitigating factors, he is only required to set out in the judgment the factors that he determines by the preponderance of the evidence are present. He is not required to list in the judgment statutory factors that he considered and rejected as being unsupported by the preponderance of the evidence. *Marquez, supra.* In sentencing, the following principles still apply:

State v. Davis

In our opinion rules of mathematical certainty and rigidity cannot be applied to the sentencing process. Justice may be served more by the substance than by the form of the process. We prefer to consider each case in the light of its circumstances. . . . Sentencing is not an exact science, but there are some well established principles which apply to sentencing procedure. The accused has the undeniable right to be personally present when sentence is imposed. Oral testimony, as such, relating to punishment is not to be heard in his absence. He shall be given full opportunity to rebut defamatory and condemnatory matters urged against him, and to give his version of the offense charged, and to introduce any relevant facts in mitigation.

. . . .

In our opinion it would not be in the interest of justice to put a trial judge in a straitjacket of restrictive procedure in sentencing. . . . He should be permitted wide latitude in arriving at the truth and broad discretion in making judgment. Pre-sentence investigations are favored and encouraged. There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right. *State v. Poolos*, 241 N.C. 382, 85 S.E. 2d 342. A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

*State v. Pope*, 257 N.C. 326, 334-35, 126 S.E. 2d 126, 132-33 (1962). *See also State v. Locklear*, 294 N.C. 210, 241 S.E. 2d 65 (1978); *State v. Harris*, 27 N.C. App. 385, 219 S.E. 2d 306 (1975).

This record on appeal does not disclose prejudicial error in defendant's sentencing hearing, and the judgment is

Affirmed.

Judges VAUGHN and HILL concur.