STATE OF NORTH CAROLINA v. ROY ALLEN JONES

No. 8213SC1193

(Filed 18 October 1983)

1. **Criminal Law § 75.10— confession—waiver of right to counsel—burden of proof**

   The State is not required to prove beyond a reasonable doubt that a defendant knowingly and intelligently waived his right to counsel in order for his in-custody statements to be admissible in evidence.

2. **Criminal Law § 75.10— confession—waiver of constitutional rights**

   The trial court did not err in admitting defendant's in-custody statements where the court made findings supported by the evidence at the voir dire hearing that an officer read defendant his rights, defendant executed a waiver thereof, defendant had sufficient intelligence and understanding to understand his rights and the meaning of the waiver, and no threats, promises, pressure or coercion were used to obtain the statement.

3. **Criminal Law § 89.5— corroboration—unsubstantial differences in testimony**

   A deputy's testimony that the owner of stolen property looked through the window of a van and said he recognized several items therein as being his was properly admitted to corroborate the owner's testimony, notwithstanding the deputy's testimony differed from the owner's testimony as to who was present at the van, since the significant testimony was that the owner identified the stolen property, and any conflict regarding who was present at the time was unsubstantial.

4. **Criminal Law § 61.3— tire tracks—inadmissibility of testimony**

   The trial court erred in admitting evidence relating to tire tracks found outside a building which was broken into and entered where there was no evidence that the tracks corresponded to tires on a vehicle owned or operated by defendant, but the admission of such testimony was not prejudicial in light of the other evidence of defendant's guilt of the breaking and entering.

5. **Burglary and Unlawful Breakings § 5.7; Criminal Law § 106.5— accomplice drunk at time of crimes—testimony not inherently incredible—sufficiency of evidence**

   In this prosecution for felonious breaking and entering and larceny, the fact that an accomplice who was the State's chief witness was drunk at the time of the crimes did not make his testimony "inherently incredible and in conflict with the physical conditions established by the State's own evidence,"

the credibility of the accomplice's testimony that despite his condition he remembered what happened was for the jury to determine, and defendant's motion for a directed verdict was properly denied by the trial court.

**6. Criminal Law § 138— court's failure to list mitigating factors—harmless error**

Failure of the trial court specifically to list in the record the mitigating factors it found proved by a preponderance of the evidence as required by G.S. 15A-1340.4(b) was not prejudicial error where it is clear that the trial court considered the evidence of mitigating factors, and the court found, in the proper exercise of its discretion, that the aggravating factors outweighed the mitigating factors.

**7. Criminal Law § 138— aggravating factor—prior convictions—failure to make findings as to indigency and counsel**

The trial court did not err in failing to make findings as to whether defendant was indigent and represented by counsel at the time of prior convictions which the court found to be aggravating factors where defendant did not raise the issue of indigency and lack of assistance of counsel when the State introduced evidence of his prior convictions.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 22 July 1982 in Superior Court, BLADEN County. Heard in the Court of Appeals 31 August 1983.

Defendant appeals from judgments of imprisonment entered upon his conviction of felonious breaking and entering and felonious larceny.

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Frank T. Grady for defendant appellant.*

WHICHARD, Judge.

## TRIAL PHASE

Defendant contends the court erred in admitting his in-custody statement taken in the absence of court-appointed counsel.

Although a defendant has a constitutional right to have counsel present during custodial interrogation, he may waive this right in counsel's absence. *State v. Smith,* 294 N.C. 365, 374-76, 241 S.E. 2d 674, 680-81 (1978). In determining whether a defendant has waived this right so that the confession is admissible, "the crucial question is whether the statement was freely and under-

standingly made after he had been fully advised of his constitutional rights and had specifically waived his right to . . . have counsel present." *State v. Romero,* 56 N.C. App. 48, 52, 286 S.E. 2d 903, 906 (quoting *State v. Smith,* 294 N.C. 365, 376, 241 S.E. 2d 674, 681 (1978) ), *disc. rev. denied,* 306 N.C. 391, 294 S.E. 2d 218 (1982).

[1] Defendant urges us to overrule *Romero* and require that the State prove beyond a reasonable doubt that a defendant knowingly and intelligently waived his right to counsel. This exhortation was also made and rejected in *Romero.* The Court there stated: "The well-settled rule in North Carolina is, simply, that '(a) trial judges' finding that an accused freely and voluntarily made an inculpatory statement will not be disturbed on appeal when the finding is supported by competent evidence even when there is conflicting evidence.' " It cited *State v. Harris,* 290 N.C. 681, 693, 228 S.E. 2d 437, 444 (1976), and *State v. White,* 298 N.C. 431, 259 S.E. 2d 281 (1979). These decisions of our Supreme Court set the controlling standard. It is not the province of this Court to overrule them.

[2] Evidence at the *voir dire* hearing supports the findings that the officer read defendant his rights, defendant executed a waiver thereof, defendant had sufficient intelligence and understanding to understand his rights and the meaning of the waiver, and no threats, promises, pressure, or coercion were used to obtain the statement. Under the extant standard, then, the court did not err in admitting the statement.

[3] Defendant contends the court erred in admitting a deputy sheriff's testimony that the owner of the stolen property looked through the window of a Sheriff's Department van and said he recognized several items therein as being his. The deputy also testified that another deputy was present at the van. Defendant argues that the testimony did not corroborate prior testimony of the owner because it differed as to who was present at the van, and that it should have been excluded as hearsay.

The owner had testified that he had met only with another deputy, not the one whose testimony is in question. Several questions later he testified that he had seen the stolen items, with one exception, in the van, and had identified them as his. He was not then asked, and did not then state, who was present at the van at that time. It thus appears that no conflict exists between the

owner's prior testimony and the subsequent testimony of the deputy which was admitted to corroborate it.

Assuming, *arguendo*, that the testimony as to who was present did conflict, the deputy's testimony was nevertheless properly admitted as corroborative.

> Corroborative testimony is testimony which tends to strengthen, confirm, or make more certain the testimony of another witness. *See State v. Case*, 253 N.C. 130, 116 S.E. 2d 429 (1960), *cert. denied*, 365 U.S. 830 (1961); *Lassiter v. Seaboard Air Line Ry.*, 171 N.C. 283, 88 S.E. 335 (1916). Where testimony which is offered to corroborate the testimony of another witness does so substantially, it is not rendered incompetent by the fact that there is some variation. *State v. Lester*, 294 N.C. 220, 240 S.E. 2d 391 (1978); *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971), *death sentence vacated*, 408 U.S. 939 (1972). It is the responsibility of the jury to decide if the proffered testimony does, in fact, corroborate the testimony of another witness. *State v. Lester, supra; State v. Case, supra.*

*State v. Rogers*, 299 N.C. 597, 601, 264 S.E. 2d 89, 92 (1980). The disputed testimony here meets the substantial similarity test. Both the deputy and the owner testified that the owner identified the stolen property in the van as his. Any conflict regarding who was present at the time is unsubstantial. The significant testimony was that the owner identified the stolen property. Since the deputy's testimony was corroborative in this respect, its admission was not error.

[4] Defendant contends the court erred in admitting, and summarizing in its instructions, evidence relating to tire tracks found outside the building which was broken into and entered. The building owner testified that the tracks indicated that an air compressor had been pushed to a car, and that he followed the tracks to a driveway approximately two and one-half miles away.

> Evidence of tire tracks is without probative force unless from the evidentiary circumstances the jury can reasonably infer: (1) the tracks were found at or near the scene of the crime, (2) they were made at the time of the commission of the crime, and (3) they correspond to tires on a motor vehicle owned or operated by defendant.

*State v. Silhan,* 302 N.C. 223, 243, 275 S.E. 2d 450, 466 (1981). There was no evidence here to meet the third prong of this test, *viz,* that the tire tracks correspond to tires on a motor vehicle owned or operated by defendant. In light of the other evidence, however, we perceive no reasonable possibility that a different result would have been reached if this evidence had been excluded and the instructions not given. Defendant thus has failed to carry his burden of showing prejudice warranting a new trial. G.S. 15A-1443(a); *see* 1 H. Brandis, *North Carolina Evidence* § 9 (1982).

**[5]** Defendant contends the court erred in denying his motions for directed verdict and to set aside the verdict. The evidence, viewed, as it must be, in the light most favorable to the State, *see State v. Witherspoon,* 293 N.C. 321, 326, 237 S.E. 2d 822, 826 (1977), shows that defendant and an accomplice broke into a building and removed tools therefrom. Although defendant and the accomplice were drunk at the time, the accomplice testified that he remembered what happened. Defendant argues that this testimony was the only testimony justifying submission of the case to the jury, and that it was "inherently incredible and in conflict with the physical conditions established by the State's own evidence." *State v. Wilson,* 293 N.C. 47, 51, 235 S.E. 2d 219, 221 (1977). We disagree.

The "inherently incredible" rule was applied in *State v. Miller,* 270 N.C. 726, 154 S.E. 2d 902 (1967), when a witness stated that he was able to identify defendant even though defendant was a stranger and he had only seen him for a few seconds at a distance of 286 feet. Here, the fact that the accomplice was drunk at the time of the crime does not make his testimony "inherently incredible and in conflict with the physical conditions established by the State's own evidence." The credibility of his testimony that despite his condition he remembered what happened was for the jury to determine. The court did not err in denying the motion for directed verdict.

The motion to set aside the verdict was "addressed to the discretion of the trial court and refusal to grant [it] is not reviewable on appeal in the absence of abuse of discretion." *State v. Hamm,* 299 N.C. 519, 523, 263 S.E. 2d 556, 559 (1980). For the reasons set forth above, we find no abuse of discretion in denial of the motion.

Defendant contends the court erred in its jury instructions by not adequately describing the property he was charged with stealing. Defendant did not, however, object to the instructions at trial. The exception is thus deemed waived. N.C. R. App. P. 10(b) (2); *State v. Bennett*, 308 N.C. 530, 535, 302 S.E. 2d 786, 790 (1983). No "plain error" mandating a new trial appears. *See State v. Odom*, 307 N.C. 655, 659-61, 300 S.E. 2d 375, 378-79 (1983).

### SENTENCING PHASE

[6] The term imposed exceeded the presumptive sentence by two years. G.S. 15A-1340.4(b) thus required that the court specifically list in the record "each matter in aggravation or mitigation that [it found] proved by a preponderance of the evidence." Defendant contends the court erred by failing specifically to list mitigating factors.

The court stated at the sentencing hearing: "I have considered the mitigating factors mentioned in the law and by your lawyer, and do not find any of those sufficient to offset the aggravating factors." This weighing of the aggravating and mitigating factors was for the court's discretion. *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (cited with approval in *State v. Ahearn*, 307 N.C. 584, 597, 300 S.E. 2d 689, 697 (1983)), *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). The court is "not required to list in the judgment statutory factors that [it] considered and rejected as being unsupported by the preponderance of the evidence." *State v. Davis, supra*, 58 N.C. App. at 334, 293 S.E. 2d at 661. Where the evidence of a mitigating factor is "both uncontradicted and manifestly credible," however, it is error for the court to fail to find it. *State v. Jones*, 309 N.C. 214, 220, 306 S.E. 2d 451, 456 (1983).

Here, it is clear that the court considered the evidence of mitigating factors. The finding, in the proper exercise of the court's discretion, that the aggravating factors outweighed the mitigating, precludes any benefit to defendant from a remand for specific listing of any mitigating factors found by a preponderance of the evidence. The failure to comply with G.S. 15A-1340.4(b) thus was clearly nonprejudicial.

[7] Defendant finally contends the court erred in failing to make findings of fact as to whether he was indigent and represented by

counsel at the time of prior convictions which the court found to be aggravating factors. The law, recently enunciated by our Supreme Court in *State v. Thompson*, 309 N.C. 421, 307 S.E. 2d 156 (1983), is that "the initial burden of raising the issue of indigency and lack of assistance of counsel on a prior conviction is on the defendant." *Id.* at 427, 307 S.E. 2d at 161. If defendant does not raise the issue, then, the court is not required to make findings thereon.

Defendant did not raise the issue when the State introduced evidence of his prior convictions. The court thus did not err in failing to make findings thereon.

No error.

Chief Judge VAUGHN and Judge PHILLIPS concur.