STATE OF NORTH CAROLINA v. ARTHUR WILLIAMS

No. 845SC318

(Filed 5 March 1985)

**Criminal Law § 138— second-degree murder—time to deliberate and premeditate —improper aggravating factor**

The trial court erred in finding as an aggravating factor in sentencing defendant for second-degree murder that "defendant did have time to deliberate and premeditate" the killing. G.S. 15A-1340.4(a).

APPEAL by defendant from *Reid, Judge.* Judgment entered 7 December 1983 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 8 January 1985.

Defendant was charged with first degree murder and pled guilty to the charge of second degree murder. He appeals pursuant to G.S. 15A-1444(a1) arguing that his sentence, which exceeded the presumptive term set by G.S. 15A-1340.4, is not proper because the aggravating factor found was not supported by the evidence introduced at the sentencing hearing.

The State presented the following evidence in the sentencing hearing. Lindsey Dinkins testified that on 21 August 1983 he went to defendant's house with Murphy, the deceased, and Stephen Nix. They drove to defendant's house in Dinkins' van. Dinkins was driving the van, Murphy was in the passenger seat in front, and Nix was in the back. Defendant had Murphy's car keys because he was supposed to do some work on Murphy's car, and Murphy wanted to get his keys back. They parked on the street in front of defendant's house. Nix got out of the van and went inside the house. Defendant then came out of the house and walked up to the van. Murphy said to him, "Arthur, give me my keys." The defendant replied, "Man, the way I have been working—" and Murphy interrupted, "Give me my keys." According to Dinkins, defendant started to say something else and Murphy said, "I don't want to hear it." Murphy repeated, "I want my keys." Then defendant ran into the house and ran out with a gun. He came over to the van and cursed at Murphy. Dinkins got out of the van and walked away. He heard a noise, walked back to the van and saw Murphy, still in the van, with blood on him. Dinkins called out to defendant, "Arthur, get this man some help."

Dinkins further testified that he was not aware of any argument between defendant and Murphy before that incident.

Detective R. A. Henderson of the Wilmington Police Department testified as follows. He examined Murphy after the shooting occurred. Murphy had a burned down cigarette between two fingers in his left hand and a white tissue or handkerchief in his right hand between the thumb and palm. Henderson read the first statement that defendant made at the police department, in which he claimed that he was not involved in the incident. He also read defendant's second statement, made one day later. In that state-

ment defendant said that when he came up to the van to give Murphy his keys, Murphy started cursing at him and then put his hand in his pocket. Murphy knocked the keys from defendant's hand and shoved defendant. Defendant stated,

> "Murphy then got over me with something apparently in his hand. I then went into my house, returned with a shot-gun. Murphy had got back in the van. I walked to the door of the van and asked him not to do this to me because I do not bother anybody. I stay at home and tend to my business. Murphy then grabbed the barrel of the gun and tried to take it out of my hand. The gun went off. He lent back in the chair. I told my wife to call the police and rescue squad. I was not aware of the gun being loaded."

The State also moved to introduce into evidence the autopsy report which, according to the State, showed that the cause of Murphy's death was a single gunshot wound to the head and that his blood alcohol level was 0.17.

Defendant's evidence consisted of numerous character witnesses who testified favorably as to his character and reputation in the community.

At the close of the sentencing hearing, the trial judge found the following nonstatutory aggravating factor pursuant to G.S. 15A-1340.4(a):

> 27. Additional written findings of factors in aggravation: The defendant did have time to deliberate and premeditate in the obtaining and use of the Deadly Weapon which caused the Killing which constituted this crime.

The trial judge found the following statutory mitigating factors:

> 1. The defendant has no record of criminal convictions.
>
>   . . . .
>
> 26. The defendant has been honorably discharged from the United States armed services.
>
> 27. The defendant has been a person of good character or has a good reputation in the community in which he lives.

The judge concluded that the factor in aggravation outweighed the factors in mitigation and imposed a sentence of

twenty-five years, a term in excess of the presumptive sentence of fifteen years for second degree murder, as specified in G.S. 15A-1340.4(f)(1).

*Attorney General Edmisten, by Assistant Attorney General Robert R. Reilly, for the State.*

*William Joseph Boney, Jr., for defendant appellant.*

PARKER, Judge.

Although not presented as an assignment of error, we will exercise our discretion under Rule 2, Rules of Appellate Procedure, to examine whether the aggravating factor found by the trial judge, that "[d]efendant did have time to deliberate and premeditate in the obtaining and use of the Deadly Weapon which caused the Killing which constituted this crime" was a proper aggravating factor pursuant to G.S. 15A-1340.4(a).

General Statutes 15A-1340.4(a) provides that a judge "may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing. . . ." A determination by the preponderance of the evidence in the sentencing hearing that a defendant premeditated and deliberated in a killing can be an aggravating factor to be used in sentencing a defendant who pleads guilty to second degree murder. *State v. Melton*, 307 N.C. 370, 298 S.E. 2d 673 (1983).

In the present case the judge's only finding in aggravation that "defendant did *have time* to deliberate and premeditate in the obtaining and use of the Deadly Weapon which caused the Killing which constituted this crime" (our emphasis), does not increase defendant's culpability, because defendant could have had time to deliberate and premeditate in the killing, but still could have killed the victim without deliberation and premeditation. The finding that he had time to deliberate and premeditate does not mean that he actually premeditated and deliberated in the killing. As this finding does not increase defendant's culpability, it is not reasonably related to the purposes of sentencing and is not a proper aggravating factor under G.S. 15A-1340.4(a).

On resentencing, in order to find premeditation and deliberation as an aggravating factor, the trial judge must consider the

evidence and determine whether, by the preponderance of the evidence, the defendant (i) had the specific intent to kill the victim before the actual killing, *State v. Misenheimer*, 304 N.C. 108, 282 S.E. 2d 791 (1981); and (ii) executed that intent in a cool state of blood in furtherance of a fixed design to gratify a feeling of revenge or to accomplish an unlawful purpose, and not under the influence of a violent passion suddenly aroused by sufficient provocation. *State v. Marshall*, 304 N.C. 167, 282 S.E. 2d 422 (1981); *State v. Faust*, 254 N.C. 101, 118 S.E. 2d 769, *cert. denied*, 368 U.S. 851, 82 S.Ct. 85, 7 L.Ed. 2d 49 (1961). Under the holding in *Melton*, if the trial judge makes an actual finding of premeditation and deliberation, supported by the preponderance of the evidence, this finding may properly be weighed as an aggravating factor for purposes of sentencing in this case.

The weighing of aggravating and mitigating factors is within the sound discretion of the trial judge. *State v. Davis*, 58 N.C. App. 330, 293 S.E. 2d 658, *review denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). In the present case, however, where the aggravating factor was incorrect, the trial judge could not have properly balanced the aggravating and mitigating factors, and the case must be remanded for resentencing. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983); *State v. Gaynor*, 61 N.C. App. 128, 300 S.E. 2d 260 (1983).

For the reason stated defendant's sentence must be vacated, and the case remanded for resentencing.

Vacated and remanded.

Chief Judge HEDRICK and Judge WHICHARD concur.