STATE OF NORTH CAROLINA v. TYRONE ISOM

No. 8419SC682

(Filed 5 March 1985)

**Criminal Law § 138— same evidence supporting two aggravating factors**

> The trial court's finding as an aggravating factor for armed robbery and burglary that the victim was old and blind included implicit findings that the victim's age and condition rendered him helpless and defenseless and that defendant took advantage of this condition to perpetrate the crimes, and the trial court improperly used the same evidence to support two aggravating factors where the court also found that defendant inflicted injury upon his blind victim who was defenseless in excess of the amount necessary to prove the offenses. G.S. 15A-1340.4(a)(1).

APPEAL by defendant from *Davis, James C., Judge.* Judgments entered 16 March 1984 in Superior Court, CABARRUS County. Heard in the Court of Appeals 14 February 1985.

Defendant was convicted of robbery with a dangerous weapon and first degree burglary. This Court in an opinion published at 65 N.C. App. 223, 309 S.E. 2d 283 (1983), found no error in defendant's trial but remanded the case for resentencing. At the resentencing hearing the court reviewed the transcript of trial which revealed the following facts. On 7 July 1982, Elton Allison, a sixty-eight year old blind man who was somewhat hard of hearing was asleep on his couch. About three o'clock a.m. he was awakened by an individual who had entered his residence when the individual began striking him about the head with a pool cue, which Allison used as a walking stick. During the assault Allison's wallet containing twenty dollars was taken. A neighbor who heard Allison's screams and went to his residence observed the defendant in the residence. A short time later defendant was arrested, and a search of his person revealed that he had Allison's billfold in his possession.

Defendant testifying in his own defense contended that he and Allison had been arguing, and that he only struck Allison after Allison had started an altercation. On cross-examination defendant admitted that he knew Allison was blind. He also testified that he had several prior criminal convictions. At the first sentencing hearing defendant also testified that he had consumed substantial amounts of alcohol and various controlled substances.

At the resentencing hearing no evidence was presented, but the transcript of the prior trial was considered by the consent of the parties. In each case the court found as factors in aggravation that (a) the victim was very old and blind, (b) the defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days confinement, and (c) that the defendant inflicted bodily injury upon his blind victim who was both helpless and defenseless in excess of the minimum amount necessary to prove the offense. The court declined to find any mitigating factors. After determining that the aggravating factors outweighed the mitigating factors the court sentenced defendant to two consecutive forty year prison terms. From the judgments, defendant appealed.

*Attorney General Rufus L. Edmisten, by Special Deputy Attorney General Ann Reed, for the State.*

*Steven A. Grossman for defendant appellant.*

ARNOLD, Judge.

Defendant contends the court erred by finding that his victim was very old, by finding that his victim was helpless and defenseless, by finding that defendant inflicted bodily injury upon his blind victim who was both helpless and defenseless, and by refusing to find as a factor in mitigation that defendant suffered from a mental or physical condition, to wit: intoxication, which while insufficient to constitute a defense was sufficient to reduce his culpability. Believing that the trial court's finding that "the defendant inflicted bodily injury upon his blind victim who was hopeless and defenseless" was cumulative to its finding that "the victim was very old and blind," we reverse and remand for a new sentencing hearing.

G.S. 15A-1340.4(a)(1) provides that the same evidence may not be used to support more than one aggravating factor. In *State v. Monk*, 63 N.C. App. 512, 523, 305 S.E. 2d 755, 762 (1983), Judge Johnson writing for this Court stated that "[t]he age of the victim may not be used as an aggravating factor unless it appears that the defendant took advantage of the victim's relative helplessness to commit the crime or that the harm was worse because of the age or condition of the victim." The court by finding that the victim was very old and blind was implicitly finding that his age and

condition rendered him helpless and defenseless, and that the defendant took advantage of this condition to perpetrate the crime. Thus, the court's finding of the non-statutory factor that the defendant inflicted injury, upon his blind victim who was helpless and defenseless, in excess of the amount necessary to prove the offense was supported by the same evidence used to support the statutory finding that the victim was old and blind and as such was a violation of G.S. 15A-1340.4(a)(1). This error compels us to remand defendant's case for a new sentencing hearing.

We have carefully considered defendant's contentions that the evidence did not support a finding that the victim was very old, that the evidence did not support a finding that the victim was helpless and defenseless, and his argument that the court should have found as a factor in mitigation that he suffered from a mental or physical condition insufficient to constitute a defense but which reduced his culpability. We find each of these assignments of error to be without merit.

As this is the second time that this case has been remanded for resentencing because of the trial court's finding of improper non-statutory aggravating factors, we feel it appropriate to once again remind our trial courts of our concern regarding their finding of non-statutory aggravating factors. In *State v. Baucom*, 66 N.C. App. 298, 301-302, 311 S.E. 2d 73, 75 (1984), we stated:

> In light of the increasing number of cases that have been remanded because of erroneous findings of non-statutory factors in aggravation, this Court deems it appropriate to remind trial judges that only one factor in aggravation is necessary to support a sentence greater than the presumptive term. The trial judge must determine that this factor is proved by a preponderance of the evidence and outweighs any mitigating factors. G.S. 15A-1340.4(b). "The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. [Citations omitted.]" *State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661, *disc. rev. denied*, 306 N.C. 745, 295 S.E. 2d 482 (1982). With these rules in mind the trial judge may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors. This prudent course of

conduct would lessen the chance of having the case remanded for resentencing.

Because of error in the finding of the non-statutory aggravating factor found by the trial judge, the case is

Remanded for resentencing.

Judges EAGLES and PARKER concur.