STATE OF NORTH CAROLINA v. OSCAR WHITE, ALIAS "MONK" WHITE, DEFENDANT AND STANLEY WHITE, DEFENDANT

No. 781SC264

(Filed 1 August 1978)

1. Criminal Law § 99.6— court's questioning of witness—clarification of testimony

The trial court did not express an opinion in violation of G.S. 1-180 when he questioned a witness at trial since the questioning did not place undue em-

State v. White

phasis on the witness's testimony but instead served to clarify the witness's testimony.

2. **Criminal Law § 57— shotgun shells—bullet slug—sufficiency of identification**

   In a prosecution for assault with a deadly weapon inflicting serious injury, the trial court properly allowed into evidence four expended shotgun shells and a bullet slug which an officer testified that he recognized as those he found at the scene of the crime, and such testimony was sufficient identification for admitting the exhibits into evidence, the shells and slug having distinctive characteristics.

3. **Assault and Battery § 14.4— assault with firearm—sufficiency of circumstantial evidence**

   In a prosecution for assault with a deadly weapon inflicting serious injury, evidence was sufficient to be submitted to the jury where it tended to show that the victim saw defendant shoot a gun in his direction; the shot missed; the victim started running; another shot was fired at the victim from the same direction as the first shot; the victim was hit by the shot; and after he was shot, the victim observed defendant and another person struggling over the gun as if he were trying to take the gun away from defendant.

4. **Criminal Law § 134.4— sentencing of youthful offender—"no benefit" finding—requirements**

   The trial court was not required to supply supporting reasons for his finding that defendant "would not derive benefit from treatment and supervision as a committed youthful offender," and no specific language was required by G.S. 148-49.14 to make the "no benefit" finding effective.

APPEAL by defendants from *Cahoon, Judge.* Judgment entered 27 October 1977 in Superior Court, PERQUIMANS County. Heard in the Court of Appeals 30 June 1978.

Defendant Stanley White was indicted on two counts of assault with a deadly weapon with intent to kill inflicting serious injuries not resulting in death and one count of discharging a firearm into an occupied building. Defendant Oscar White was indicted on two counts of aiding and abetting Stanley White in the above assaults and one count of discharging a firearm into an occupied building. At the close of the State's evidence, the trial court allowed the defendants' motion to dismiss charges of assault with intent to kill and submitted the case to the jury on the lesser included offense of assault with a deadly weapon inflicting serious injury. The jury returned verdicts of guilty against both defendants as to all charges. Defendant Stanley White was sentenced to ten years imprisonment for discharging a firearm into an occupied building and to not less than six nor more than

seven years for assault with a deadly weapon inflicting serious injury, the sentences to run consecutively. The defendant Oscar White received the same imprisonment terms for his participation as an aider and abetter and for discharging a firearm into an occupied building. Defendants appeal to this Court.

Other facts necessary to the decision in this case will be more fully set out in the opinion.

*Attorney General Edmisten, by Lucien Capone III, for the State.*

*O. C. Abbott, for defendant appellant, Oscar White.*

*John V. Matthews, Jr., for defendant appellant, Stanley White.*

WEBB, Judge.

[1] Defendants contend that, in violation of G.S. 1-180, the trial judge impermissibly expressed an opinion on the evidence through his questioning of a witness at trial. During the direct examination of State's witness Vivian Johnson, the trial judge interrupted and asked this question: "Did you say how much time elapsed from the time you saw 'Monk' in the vicinity of the door, with the gun, and when you saw Stanley shoot?" Defendant Stanley White objects to the question on the grounds that it assumes a fact that was for the jury's determination, that is, whether the defendant Stanley White actually fired the gun. We do not believe the defendant's objection has any merit. Shortly before the question posed by the trial judge, the following exchange occurred between the district attorney and the witness Vivian Johnson:

> District Attorney: "How much time passed from the time that you saw 'Monk' White waving the gun around in front of the building until you saw Stanley White fire the shot, if you have an opinion as to the period of time?"
>
> Witness: "I don't know, not very long."

Also, earlier in her testimony, Vivian Johnson stated: "The person who shot through the door was Stanley White."

When we examine the trial judge's question in light of the witness's prior testimony, we conclude the trial judge was simply attempting to clarify part of the evidence in his mind. We note that he was careful to phrase the question in the second person, "you say" and "you saw," in order to avoid the assumption that the earlier testimony was fact. It is proper for a trial judge to ask questions for the purpose of clarifying a witness's testimony. *State v. Bunton*, 27 N.C. App. 704, 270 S.E. 2d 354 (1975).

The defendant Oscar White has objected to the same question asked by the trial judge, but he argues that the question was designed to repeat the witness's testimony to give it emphasis. He contends the evidence was clear and needed no clarification. Our examination of the evidence led us to conclude otherwise, and we find no merit in this contention of defendant Oscar White. In addition, defendant Oscar White contends the trial judge gave unnecessary emphasis to the State's testimony by asking the witness, Vivian Johnson, several questions about seeing "Monk" White shooting a gun at the direction of the building. Before asking the questions, the trial judge stated: "Let me ask her one question, and then you can clear it up." We believe his statement indicates that the trial judge wished to interject a question at this point in order to clarify the witness's testimony. We do not find any impermissible expression of opinion from questions calculated to clarify evidence. *See State v. Bunton, supra.*

[2] Over defendants' objections, four expended shotgun shells and a bullet slug were admitted into evidence. Defendant Oscar White assigns as error the introduction of this evidence on the grounds that a "chain of custody" was not properly established, thus leaving to speculation whether the shells and slug picked up by police officers at the scene of the crime were the same shells and slug introduced into evidence. In the case at bar, Shelton C. Zachary of the Perquimans County Sheriff's Department testified that he recognized a blue shotgun shell, three yellow shotgun shells, and a slug as those he found at the scene of the crime. We believe that this was sufficient identification for admitting the exhibits into evidence, the shells and slug having distinctive characteristics. *State v. Winford*, 279 N.C. 58, 181 S.E. 2d 423 (1971).

[3] The defendants further assign as error the denial of their motions to dismiss at the close of the State's evidence. Defendant

Oscar White conceded there was no merit in his assignment and abandoned it. Defendant Stanley White contends that his motion to dismiss should have been granted because the State did not tender any direct evidence that Stanley White fired the shot which caused the injury to the victim, Edward Battle. His argument appears to rest on the wrongful assumption that the State was not allowed to prove the crime by circumstantial evidence. Edward Battle gave the following testimony which tended to show that he was shot by Stanley White: ". . . I saw Stanley had the gun pointed in my direction, . . . Stanley was holding the gun when I saw it being fired. . . . That shot didn't strike me. . . . When the first shot was fired I started running and then someone got in my way and I heard another shot and that is when I got hit. The second shot came from the same direction as the first shot." Earlier in his testimony, Edward Battle stated that after he was shot he tried to crawl under a pool table. He then testified: "As I was trying to crawl under the pool table, I saw Stanley and some other dude fighting over the gun like he was trying to take the gun from him." When the sufficiency of circumstantial evidence is challenged by a motion to dismiss, "the question for the court is whether a reasonable inference of defendant's guilt may be drawn from the circumstances." *State v. Spencer*, 281 N.C. 121, 187 S.E. 2d 779 (1972). In addition, upon a motion to dismiss, the evidence is considered in the light most favorable to the State, giving it every reasonable inference and every reasonable intendment to be drawn therefrom. *State v. Cook*, 273 N.C. 377, 160 S.E. 2d 49 (1968). Applying these principles, we believe there is sufficient evidence for a jury reasonably to infer the second shot was fired by Stanley White and that shot struck and injured Edward Battle.

[4] In sentencing the defendant Stanley White, the trial judge made a finding that Stanley White "would not derive benefit from treatment and supervision as a committed youthful offender." Defendant Stanley White first contends that this finding is improper because there was no competent evidence in the record to support this finding. *See State v. Bishop*, 272 N.C. 383, 158 S.E. 2d 511 (1967). We disagree. The trial judge is not limited to the evidence of guilt presented at trial in determining what punishment to impose upon a defendant; *State v. Thompson*, 267 N.C. 653, 148 S.E. 2d 613 (1966), and this Court will not review what inquiry a trial judge has made before passing sentence if the

sentence imposed is within the limits provided by law. *State v. Frazier*, 14 N.C. App. 104, 187 S.E. 2d 357, *appeal dismissed*, 281 N.C. 315, 188 S.E. 2d 899 (1972). The sentences imposed in this case are within the limits of the law and the finding that the defendant would derive no benefit was properly made on the record. The trial judge was not required to supply supporting reasons for this finding in the record. *See State v. Mitchell*, 24 N.C. App. 484, 211 S.E. 2d 645 (1975). As his second argument for reversing the sentence imposed, defendant Stanley White contends that the trial judge used language indicating that he was applying the old committed youthful offender statute, G.S. 148-49.4, instead of the new statute, G.S. 148-49.14, applicable at the time of defendant's sentencing. G.S. 148-49.14 requires a "no benefit" finding to be made on the record, if the court finds the defendant should not obtain the benefit of release under G.S. 148-49.15, parole of committed youthful offender's statute. We do not interpret G.S. 148-49.14 as requiring any specific language in order for the "no benefit" finding to be effective. We hold the finding made by the trial judge passes muster under G.S. 148-49.14 and we will not engage in any inquiry into what statute the trial judge was considering at the time of his finding. *See State v. Frazier, supra.*

For the above stated reasons, we find no error in the trial of Oscar White and Stanley White.

No error.

Judges MORRIS and HEDRICK concur.