State v. Safrit

---

STATE OF NORTH CAROLINA v. HOWARD EUGENE SAFRIT

No. 8017SC8

(Filed 3 June 1980)

1. **Criminal Law § 134.4– resentencing proceeding – determination of no benefit from treatment as committed youthful offender**

    In a resentencing proceeding to determine whether defendant should be sentenced as a committed youthful offender, the trial court's finding that "defendant is now 21 years of age, and would not benefit from treatment and supervision ... as a Committed Youthful Offender" did not show that defendant's age at the time of the resentencing was the primary reason for failure of the court to resentence defendant as a committed youthful offender, and the court's order was sufficient without giving reasons for the "no benefit" finding.

2. **Criminal Law § 138.11– resentencing – harsher punishment statute not violated**

    A notation in an amended judgment and commitment that the maximum penalty for the offense charged was ten years did not show that the

court considered imposing a harsher sentence on defendant when he was resentenced but was for the purpose of showing that the sentence imposed was within the statutory maximum, and the harsher punishment statute, G.S. 15A-1335, was not violated where defendant was given the same indeterminate term of imprisonment at his resentencing as that imposed at his original sentencing.

APPEAL by defendant from *Albright, Judge.* Judgment entered 10 May 1979 in Superior Court, CASWELL County. Heard in the Court of Appeals 13 May 1980.

The defendant Safrit and two other men were convicted of assault with a deadly weapon, inflicting serious bodily injury upon Sampson McNeil, while all were inmates at Blanch prison. McNeil testified that when his cell door was opened at breakfast time Safrit and a man named Cagle entered his cell while a man named Spry stood guard at the door. Cagle called McNeil a "rat" and stabbed him with a home-made knife. Safrit dragged McNeil by his feet from the left side of the dormitory to the right side. After the assault, threats were made by the attackers toward McNeil to keep him from testifying against them. Defendant was sentenced to prison for not less than eight years nor more than ten years, to begin at the expiration of any sentences presently being served. Defendant appealed.

This Court, in an unpublished opinion, found no error in Safrit's conviction. *State v. Cagle,* 38 N.C. App. 391, 248 S.E. 2d 472 (1978). Thereafter, the defendant's Pro Se Petition for Discretionary Review was denied by the North Carolina Supreme Court. 296 N.C. 107, 249 S.E. 2d 805 (1978).

Defendant subsequently collaterally attacked his conviction by petition for writ of habeas corpus. The petition was denied, but after considering the petition as a *motion for appropriate relief,* the judge ordered that defendant be returned to Caswell County for re-sentencing. The trial judge in sentencing defendant had failed to take into account defendant's eligibility for status as a committed youthful offender. The re-sentencing proceedings were limited to the question of whether the defendant should be sentenced as a committed youthful offender.

State v. Safrit

At the re-sentencing hearing, the State offered evidence concerning numerous infractions committed by the defendant since he went to prison in 1973. The defendant testified that he was sentenced to 12 to 15 years for armed robbery and breaking and entering when he was 15 years old. The defendant is now approximately 21 years of age and incarcerated in Central Prison.

From the re-sentencing judgment imposing the same terms, the defendant *pro se*, but with court appointed counsel standing by, objected and excepted to the judgment and rulings of the court, and the matter is now before this Court.

*Attorney General Edmisten, by Assistant Attorney General James L. Stuart, for the State.*

*Howard Eugene Safrit, defendant appellant pro se.*

HILL, Judge.

Here we have another example of the right of unbridled, unrestrained and unlimited appeal, which demonstrates the further need for the North Carolina General Assembly to consider whether the present method of appellate review should be changed in this State. The defendant works (voluntarily) in the law library within the Department of Correction, has the opportunity to read extensively and to seek advice from "jail house lawyers" who, like the defendant, have read much and understand little. In addition, defendant has the benefit of skilled attorneys, provided by the State at great expense to the taxpayers, coupled with the constitutional guarantees provided to all who seek justice in our courts.

[1] Safrit complains at this time that the trial judge committed error by (1) failing to sentence the appellant as a youthful offender at the re-sentencing hearing, and (2) by considering the imposition of a harsher sentence during the re-sentencing hearing. Upon consideration of the evidence presented at the re-sentencing hearing, the trial judge made the following finding:

This Court finds that the defendant is now 21 years of age, and would not benefit from treatment and supervision pursuant to G.S. 148, Article 3B, as a Committed Youthful Offender, and, therefore, this Court expressly does not sentence this defendant as a Committed Youthful Offender.

The question before the re-sentencing court was whether the defendant would benefit from a committed youthful offender sentence. The defendant contends the court improperly considered the defendant's age at the time of re-sentencing, made it the primary reason for denying defendant the many benefits afforded under an Article 3B sentence, and erred by doing so. We do not agree. There is no particular form or wording required of the trial judge in making a determination that a defendant will derive "no benefit" from sentencing under the statute. *State v. White*, 37 N.C. App. 394, 246 S.E. 2d 71 (1978). From the record, it is apparent the re-sentencing judge considered defendant's violent nature in making his decision. The finding is sufficient.

[2] The appellant next contends the trial judge considered imposing a harsher sentence on the appellant in the amended judgment and commitment, and thereby violated G.S. 15A-1335. This contention is not borne out by the facts. Defendant was sentenced to a term of imprisonment following his re-sentencing hearing identical to that ordered in the original sentencing of the appellant. The trial judge's amended judgment and commitment did include a notation that the maximum penalty for the offense charged was ten years' imprisonment, but this was only for the purpose of showing that the sentence imposed was within the maximum statutory penalty.

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.