STATE OF NORTH CAROLINA v. ROGER RIVARD AND STATE OF NORTH CAROLINA v. KEVIN POWER

No. 815SC1344

(Filed 15 June 1982)

1. Criminal Law § 146.5— plea of guilty—no right to appeal denial of motions to quash bills of indictment

Under G.S. § 15A-1444(e), defendants were not entitled to appellate review as a matter of right of the denial of their motions to quash where they pleaded guilty to the bills of indictment.

2. Searches and Seizures § 3— border search of airplane

The trial court did not err in denying defendants' motion to suppress evidence of cocaine obtained by the government where the evidence tended to show that defendants' airplane, and the contents thereof, were under the constant surveillance of customs officials from the time before it entered the United States airspace until the time it landed in Wilmington, North Carolina which brought the search within the "border search" exception.

APPEAL by defendants from *Tillery, Judge.* Judgments entered 15 September 1981 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals on 27 May 1982.

Defendants were charged in separate bills of indictment with felonious trafficking in controlled substances by transporting and possessing more than 400 grams of cocaine, in violation of G.S. § 90-95. Defendants moved to quash the indictments, and such motion was denied on 14 September 1981. Defendants also moved "to suppress all evidence seized on or about the 7th day of June, 1981, as the result of a search of defendants and defendants' effects at the New Hanover County Airport." On *voir dire,* uncontroverted evidence was offered tending to show the following: At about 9:00 p.m. on 6 June 1981, a Customs Air Officer for the United States Customs Service spotted an aircraft on the radar he was operating; the radar indicated that the aircraft was in flight in an area beyond United States territorial waters, but that the aircraft, while in flight, eventually entered the United States on either late 6 June or early 7 June 1981; the flight of the aircraft was continuously tracked by radar, and the airplane itself was intercepted and followed, except for a five minute interval during which it was not visible, by a United States Customs Service airplane; the airplane being tracked landed at New Hanover County Airport in Wilmington, North Carolina, and from it

emerged the defendants; upon the landing of the aircraft, U.S. Customs Officers who had tracked defendants' plane and were aware of its having initially been spotted en route from outside the United States, searched the defendants' airplane and removed therefrom numerous nylon duffel bags; the officers then unzipped one of the nylon duffel bags, which weighed forty or fifty pounds, and found therein another padlocked nylon bag, which they slit open with a knife and found therein plastic packages containing cocaine. The trial court, at the conclusion of *voir dire*, denied defendants' motions to suppress "the evidence seized from the airplane."

Defendants thereupon changed their pleas to guilty as charged, and reserved their rights to appeal the denials of their motions to quash and to suppress. From judgments imposing on each defendant a prison term of no more than nor less than sixteen years, defendants appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Daniel F. McLawhorn, for the State.*

*Crossley & Johnson, by Robert W. Johnson; and Richard S. Emerson, Jr., for defendant appellants.*

HEDRICK, Judge.

[1] Defendants first assign error to the denial of their motions to quash the bills of indictment. G.S. § 15A-1444(e) in pertinent part provides:

Except as provided in subsection (a1) of this section [such subsection dealing with a guilty-pleading defendant's right to appeal the prison term to which he is sentenced] and G.S. 15A-979 [dealing with a guilty-pleading defendant's right to appeal from a denial of a motion to suppress evidence], and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he had entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

Since defendants pleaded guilty to the bills of indictment, they are not entitled to appellate review as a matter of right of the

denial of their motions to quash, and defendants have not petitioned this Court for a writ of certiorari to review the denial of their motions to quash. This assignment of error therefore presents no question for review.

[2] In their next assignment of error, defendants argue, "The Trial Court Erred in Denying Appellants' Motions to Suppress Evidence Obtained Illegally by the Government." This assignment of error is reviewable pursuant to G.S. § 15A-979(b). Defendants contend that the warrantless searches of their plane and of the duffel bags found therein violated the Fourth Amendment in that such warrantless searches were conducted without the requisite existence of exigent circumstances, and of probable cause to believe the searches would uncover evidence of a crime.

"[S]earches made at the border, pursuant to the longstanding right of the sovereign to protect itself by stopping and examining persons and property crossing into this country, are reasonable simply by virtue of the fact that they occur at the border." *United States v. Ramsey*, 431 U.S. 606, 616, 52 L.Ed. 2d 617, 626, 97 S.Ct. 1972, 1978 (1977). The single fact that the person or item in question has entered the United States from outside suffices to endow border searches with the reasonableness required by the Fourth Amendment; there is no additional requirement that there be a showing of probable cause or the prior procurement of a search warrant. *Id.* Further, this " 'border search' exception is not based on the doctrine of 'exigent circumstances.' " *Id.* at 621, 52 L.Ed. 2d at 629-30, 97 S.Ct. at 1981. Rather, "[t]he authority of the United States to search the baggage of arriving international travelers is based on its inherent sovereign authority to protect its territorial integrity. By reason of that authority, it is entitled to require that whoever seeks entry must establish the right to enter and to bring into the country whatever he may carry." *Torres v. Puerto Rico*, 442 U.S. 465, 472-73, 61 L.Ed. 2d 1, 9, 99 S.Ct. 2425, 2430 (1979).

Border searches "may in certain circumstances take place not only at the border itself, but at its functional equivalents as well." *Almeida-Sanchez v. United States*, 413 U.S. 266, 272, 37 L.Ed. 2d 596, 602, 93 S.Ct. 2535, 2539 (1973). "For . . . example, a search of the passengers *and cargo* of an airplane arriving at a St. Louis airport after a nonstop flight from Mexico City would clearly be

the functional equivalent of a border search." *Id.* at 273, 37 L.Ed. 2d at 602-03, 93 S.Ct. at 2539. (Emphasis added.)

Although "border searches may be conducted regardless of whether customs officials have a reasonable or articulable suspicion that criminal activity is afoot," *United States v. Sheikh,* 654 F. 2d 1057, 1068 (5th Cir. 1981), "there cannot be [a] . . . border search without some degree of probability that the vessel has crossed a border, i.e. the officials must possess some articulable facts tending to show that the vessel has recently crossed an international border." *United States v. Laughman,* 618 F. 2d 1067, 1072, n. 2 (4th Cir.), *cert. denied,* 447 U.S. 925, 65 L.Ed. 2d 1117, 100 S.Ct. 3018 (1980). Were the law otherwise, customs officials could search persons and property without any grounds for believing the border had been crossed, and such otherwise arbitrary intrusions would be retroactively legitimated by the subsequent discovery that the persons and property searched had recently come from outside the United States.

In the present case, the uncontroverted evidence presented at *voir dire* tended to show that defendants' airplane, and the contents thereof, were under the constant surveillance of customs officials from the time before it entered United States airspace until the time it landed in Wilmington; the evidence tended to show that the defendants' airplane was continuously tracked on radar even though the airplane manned by customs officials lost sight of defendants for a few minutes. Although the trial court did not make findings of fact to show the bases of its ruling, the necessary findings may be implied from the admission of the challenged evidence, since there was no material conflict of evidence on *voir dire. State v. Phillips,* 300 N.C. 678, 268 S.E. 2d 452 (1980). Hence, the court's ruling implicitly contains findings that the airplane and contents searched were the same airplane and contents known to have come from outside the United States, and that the transnational character of the airplane and its contents was known to the customs officials who conducted the challenged search. These findings support the conclusion that the evidence was obtained pursuant to a valid border search, and, hence, the denial of the motion to suppress was proper. *See United States v. Moore,* 638 F. 2d 1171 (9th Cir. 1980), *cert. denied,* 449 U.S. 1113, 66 L.Ed. 2d 842, 101 S.Ct. 924 (1981). This assignment of error has no merit.

The order appealed from is

Affirmed.

Judges ARNOLD and WELLS concur.