STATE OF NORTH CAROLINA v. NEAL FRANCIS AHEARN

No. 821SC78

(Filed 5 October 1982)

1. **Criminal Law § 138— fair sentencing act—"serious emotional problems"—aggravating as well as mitigating circumstance**

    Where defendant pled guilty to voluntary manslaughter and felonious child abuse, the trial court did not err in finding as an aggravating circumstance that: "the defendant fails to control his emotions. He sometimes reacts violently to frustrations he experiences, and the defendant is dangerous to himself and to others and confinement is needed to ensure his safety and the safety of others." The record supported the findings, and the court did not err in considering the aggravating aspect of defendant's inability to control himself as well as the mitigating aspect since a finding of dangerousness is a factor in aggravation in that it is "reasonably related to the purposes of sentencing," one of which is "to protect the public by restraining offenders." G.S. 15A-1340.4(a) and G.S. 15A-1340.3.

---

State v. Ahearn

---

**2. Criminal Law § 138— felonious child abuse and voluntary manslaughter—sentencing hearing—wrongful consideration of certain aggravating factors**

In a felonious child abuse case, the court erred in considering the "heinous offense" factor in aggravation and in considering the "very young or infirmed victim" factor in aggravation, but the court did not err in considering the "dangerousness of defendant" factor in aggravation. In a voluntary manslaughter case, the court erred in considering the "heinous offense" factor in aggravation, but did not err in considering the "very young victim" and "dangerousness of defendant" factors in aggravation. Although some of the aggravating factors found by the court were erroneously considered since such factors were not supported by the evidence, defendant failed to carry his burden of showing grounds for reversal of the sentences imposed by showing he was prejudiced by the court's erroneous findings in aggravation. G.S. 15A-1442(6), G.S. 15A-1443(a), G.S. 15A-1340.4(b), G.S. 14-318.4, and G.S. 15A-1340.4(a)(1).

**3. Criminal Law § 146.5— no right to appellate review of guilty plea**

A defendant is not entitled to appellate review, as a matter of right, of the court's acceptance of his guilty pleas. G.S. 15A-1444(e).

Judge WELLS dissenting.

APPEAL by defendant from *Small, Judge.* Judgments entered 2 November 1981 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals on 2 September 1982.

Defendant was charged in proper bills of indictment with the second degree murder of Daniel Bright, and with felonious child abuse of the minor Daniel Bright, in violation of G.S. § 14-318.4. Defendant pleaded guilty to voluntary manslaughter and felonious child abuse. The court thereupon conducted a sentencing hearing, after which the court entered "Findings of Factors in Aggravation and Mitigation of Punishment." These findings contained the following "Aggravating Factors:"

6. The offense was especially heinous, atrocious and cruel.

. . .

10. The victim was very young or mentally or physically infirm.

. . .

16. Additional written findings of factors in aggravation.

**State v. Ahearn**

> The defendant fails to control his emotions. He sometimes reacts violently to frustrations he experiences, and the defendant is dangerous to himself and to others and confinement is needed to ensure his safety and the safety of others.

The court's "Mitigating Factors" are as follows:

> 1. The defendant has no record of criminal convictions.
>
> . . .
>
> 4. The defendant was suffering from a mental or physical condition that was insufficient to constitute a defense but reduced his culpability for the offense.
>
> 5. The defendant's immaturity or his limited mental capacity at the time of commission of the offense reduced his culpability for the offense.
>
> . . .
>
> 12. Prior to arrest or at an early stage of the criminal process, the defendant voluntarily acknowledged wrong-doing in connection with the offense to a law enforcement officer.
>
> 13. The defendant has been a person of good character or has had a good reputation in the community in which he lives.

"The Court, after considering evidence and arguments presented at the trial and sentencing hearing, [found] that [the] [f]actors in aggravation outweigh factors in mitigation and that the factors marked above were proven by a preponderance of the evidence." From judgments imposing prison sentences of sixteen years for voluntary manslaughter, and five years for felonious child abuse, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Christopher P. Brewer, for the State.*

*White, Hall, Mullen, Brumsey & Small, by Gerald F. White, for defendant appellant.*

HEDRICK, Judge.

The prison terms imposed by the trial court in the present case exceed the designated presumptive terms prescribed by G.S. § 15A-1340.4(f), and in imposing such terms the trial court was required by G.S. § 15A-1340.4(b) to list the factors he found in aggravation and mitigation. This appeal is pursuant to G.S. § 15A-1444(a1) which states:

> A defendant who has . . . entered a plea of guilty . . . to a felony, is entitled to appeal as a matter of right the issue of whether his sentence is supported by evidence introduced at the trial and sentencing hearing only if the prison term of the sentence exceeds the presumptive term set by G.S. 15A-1340.4, and if the judge was required to make findings as to aggravating or mitigating factors pursuant to this Article.

[1]   The first assignment of error brought forward in defendant's brief is that

> [t]he Trial Judge committed prejudicial error in making [the] additional written findings of factors in aggravation that 'The defendant fails to control his emotions. He sometimes reacts violently to frustrations he experiences, and the defendant is dangerous to himself and to others and confinement is needed to ensure his safety and the safety of others.' In the context of this record such findings do not constitute in fact or in law factors in aggravation but to the contrary, such findings constitute in the context of this record factors [in] mitigation, and such findings by the Court and the Court's interpretation thereof are not supported by the evidence, and constitute prejudicial error as a matter of law.

First, the record reveals the following evidence which is sufficient to support the challenged finding: defendant has "serious emotional problems" and "is extremely disorganized" and thereby "literally loses control of his ability to reason and understand what he is doing;" there are episodes during which he is dangerous to himself and to others; he lacks internal controls and hence is capable of saying or doing things he does not mean, and even without his knowing to whom he was doing them; and he is capable of becoming so caught up in an act as to inflict damage on someone without knowing how much damage he was doing and without knowing when to stop.

Defendant also argues that this finding by the court cannot properly be considered as an aggravating factor in the balancing process involved in G.S. § 15A-1340.4 since the finding deals with his inability to control himself, a factor which was found to be a mitigating circumstance in the court's "Mitigating Factors" numbered 4 and 5, set out above. It is true that defendant's inability to control himself was considered as a mitigating factor when the court found he suffered from a culpability-reducing mental or physical condition and a culpability-reducing immaturing or limited mental capacity. Although there may be mitigating aspects about one's inability to control oneself, there may also be aggravating aspects of such a disorder, and the court did not err in also considering the aggravating aspect of defendant's inability to control himself, to wit, the fact that it rendered him "dangerous to himself and to others" and in need of "confinement . . . to ensure his safety and the safety of others." This finding of dangerousness is a factor in aggravation since it is "reasonably related to the purposes of sentencing," *see* G.S. § 15A-1340.4(a), one of which is "to protect the public by restraining offenders." G.S. § 15A-1340.3. This assignment of error is overruled.

[2] In his next three assignments of error, defendant argues (1) that the court erred in making the findings in aggravation that "[t]he offense was especially heinous, atrocious and cruel," and that "[t]he victim was very young or mentally or physically infirm," in that such findings were not supported by the evidence, and (2) that upon the elimination of these challenged findings of factors in aggravation, "as a matter of law the mitigating factors outweigh the factor or factors in aggravation that may be considered."

Evidence was presented at the sentencing hearing which tended to show that the victim of defendant's violence, Daniel Bright, was a two-year old child. This evidence, therefore, supports a finding that the victim was very young. Since the challenged finding is phrased in the disjunctive, evidence supporting a finding that the victim was very young necessarily supports the court's finding that he was very young or mentally or physically infirm. The consideration of such finding in the voluntary manslaughter case was, accordingly, proper. The youth of the victim, however, may not be considered an aggravating factor in the felony child abuse case, since the youth of the victim is a

necessary element of felonious child abuse under G.S. § 14-318.4, and "[e]vidence necessary to prove an element of the offense may not be used to prove any factor in aggravation." G.S. § 15A-1340.4(a)(1). The challenged factor in aggravation also cannot be made to apply in the felonious child abuse case on the basis of the "or mentally or physically infirm" clause, since there is no evidence to support that characterization of the victim. Although there was evidence that the victim, at the time he suffered violence at defendant's hands, was in a cast and recovering from a femoral shaft fracture, this evidence is not sufficient to support the aggravating factor of physical infirmity within the meaning of the statute.

With respect to defendant's challenge to the court's finding that "[t]he offense was especially heinous, atrocious and cruel," we will assume for the sake of argument that the finding is without evidentiary support in either the felonious child abuse case or the voluntary manslaughter case. This assumption is bolstered by our unawareness of anything that would distinguish defendant's act of felonious child abuse as being any more heinous, atrocious, and cruel than any other act of felonious child abuse; it is bolstered in the voluntary manslaughter case in that one item of evidence which does render this act of voluntary manslaughter especially heinous, i.e. the youth of the victim, may not be considered to show that the offense was especially heinous since it was already used to show that the victim was very young—"the same item of evidence may not be used to prove more than one factor in aggravation." G.S. § 15A-1340.4(a)(1).

Hence, in the felonious child abuse case, we assume the court erred in considering the "heinous offense" factor in aggravation and we hold that the court erred in considering the "very young or infirm victim" factor in aggravation, but the court did not err in considering the "dangerousness of defendant" factor in aggravation. In the voluntary manslaughter case, we assume the court erred in considering the "heinous offense" factor in aggravation, but did not err in considering the "very young victim" and "dangerousness of defendant" factors in aggravation. Defendant argues that the factors in aggravation which the court could legitimately consider could not, as a matter of law, have outweighed the five factors in mitigation found by the court, as they must under G.S. § 15A-1340.4(b) to justify the imposition of a

prison term in excess of the statutorily-prescribed presumptive terms. We disagree. It is not clear to us how the result to be determined by the court upon its weighing of aggravating and mitigating factors could ever be known as a matter of law.

> The fair sentencing act did not remove, nor did it intend *to remove*, all discretion from the sentencing judge. Judges still have discretion to increase or reduce sentences from the presumptive term upon findings of aggravating or mitigating factors, *the weighing of which is a matter within their sound discretion. . . .*
>
> *The discretionary task of weighing* mitigating and aggravating factors is not a simple matter of mathematics. For example, three factors of one kind do not automatically and of necessity outweigh one factor of another kind. The number of factors found is only one consideration in determining which factors outweigh others. Although the court is required to consider all statutory factors to some degree, it may very properly emphasize one factor more than another in a particular case. N.C. Gen. Stat. 15A-1340.4(a). The balance struck by the trial judge will not be disturbed if there is support in the record for his determination. (Citations omitted.)

*State v. Davis,* 58 N.C. App. 330, 293 S.E. 2d 658 (1982). (Emphasis added.) Hence defendant is incorrect in his contention that the court was required as a matter of law to find that the permissible aggravating factors did not outweigh the mitigating factors. The court could be well within its discretion in finding that the "dangerousness" factor in the felonious child abuse case, and the "dangerousness" and the "very young victim" factors in the voluntary manslaughter case outweighed the mitigating factors in each case. Although some of the aggravating factors found by the court were erroneously considered since such factors were not supported by evidence, defendant has failed to carry his burden of showing grounds for reversal of the sentences imposed by showing he was prejudiced by the court's erroneous findings in aggravation, *see* G.S. §§ 15A-1442(6), -1443(a); defendant has not shown that had the court not considered the erroneous findings in aggravation, a different result would have been reached in the court's balancing process. *Compare State v. Goodman,* 298 N.C. 1, 257 S.E. 2d 569 (1979). These assignments of error are overruled.

[3] Finally, defendant assigns error to the trial court's signing and entering the judgments in the felonious child abuse and voluntary manslaughter cases, on the grounds that there was no factual basis in either case for defendant's pleas of guilty. G.S. § 15A-1444(e) in pertinent part provides:

> Except as provided in subsection (a1) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

The issue raised by these assignments of error does not pertain to the validity of the court's departure from the statutory presumptive sentences, nor does it pertain to a denial of a motion to suppress evidence; furthermore, defendant made no motion to withdraw his plea of guilty, the denial of which could afford a basis for entitlement to appellate review. Defendant here seeks appellate review of the court's acceptance of his pleas of guilty, but defendant is not entitled to appellate review as a matter of right of the court's acceptance of his pleas, and defendant's petition for a writ of certiorari has been denied. These assignments of error, therefore, present no question for review. *See State v. Rivard and State v. Power*, 57 N.C. App. 672, 292 S.E. 2d 174 (1982).

The judgments appealed from are

Affirmed.

Judge ARNOLD concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The reasoning of the majority is to the effect that although we have found that some of the factors in aggravation found by the trial court were not supported by the evidence, defendant must affirmatively show that had the trial court not so erred, a different result would have been reached "in the court's balancing

process." I must respectfully disagree. I am persuaded that upon our finding that the trial court found even one factor in. aggravation not supported by the evidence, the presumption must follow that such a finding by the trial court resulted in a sentence more severe than otherwise would have been entered. I am not persuaded that any sentence in excess of the presumptive sentence prescribed by the statute can be fair if it is founded in or motivated by an erroneous impression of aggravating factors. Correct balancing of mitigating factors and aggravating factors can only take place when the trial court has found the correct factors: i.e., those supported by the evidence.

In my opinion, this matter should be remanded for a new hearing to determine an appropriate sentence.