STATE OF NORTH CAROLINA v. JOHN LEE ABEE, AND DARRELL RAY JONES

No. 8225SC465

(Filed 21 December 1982)

1. **Criminal Law § 138— sexual offense—aggravating circumstance that crime was heinous, atrocious or cruel**

    In imposing a sentence for a second degree sexual offense, the trial court properly found as an aggravating factor that the offense was "especially heinous, atrocious or cruel" since (1) this factor is not an element of second degree sexual offense, and (2) the facts in the case support such a finding.

2. **Criminal Law § 138— sexual offense—findings as to aggravating factors**

    The facts in the record supported aggravating factors found by the court that a second degree sexual offense occurred "during a course of conduct wherein the victim was repeatedly beaten," that the conduct was "equivalent to terrorizing the victim," and that the victim was restrained and removed

"from one place to another," and such factors were reasonably related to the purposes of sentencing as required by G.S. 15A-1340.4.

**3. Criminal Law § 138— sexual offense—acts constituting offense considered as aggravating factors**

In imposing a sentence for a second degree sexual offense, the trial court erred in considering as aggravating factors that repeated acts of fellatio occurred and that defendant inserted his finger into the victim's rectum, since the trial court thus considered as aggravating factors the very evidence required to prove the offense charged in violation of G.S. 15A-1340.4. However, such error was not prejudicial where defendant failed to show that the result would have been different if such factors had not been considered by the trial court. G.S. 15A-1442(6); G.S. 15A-1443(a).

**4. Criminal Law § 138— aggravating factors outweighed by mitigating factors—sentence exceeding statutory presumption**

The fact that the number of mitigating factors found by the trial court was greater than the aggravating factors did not preclude the trial court from finding that the aggravating factors outweighed the mitigating factors and from entering a sentence exceeding the statutory presumption.

**5. Criminal Law § 134.4— youthful offender—sufficiency of "no benefit" finding**

Marking the box beside the statement "that the defendant will not benefit from being sentenced as a youthful offender" on the sentencing form constituted a sufficient "no benefit" finding to comply with G.S. 148-49.14.

**6. Criminal Law § 138— sufficiency of evidence to support aggravating factor**

The evidence supported the trial court's finding as an aggravating factor that a second degree sexual offense "was committed during a course of conduct wherein the victim was repeatedly beaten with fists, resulting in bodily injury and abused, by fingers inserted in his rectum."

Judge JOHNSON dissenting.

APPEAL by defendants from *Ferrell, Judge.* Judgment entered 15 December 1981 in Superior Court, BURKE County. Heard in the Court of Appeals 8 November 1982.

This case arises from acts performed by the two defendants on a ten-year old boy on 5 August 1981.

The evidence showed that the defendants and a third man were drinking alcohol on the day in question. They went to a railroad trestle over a creek near Morganton, where they saw the victim. After being told to come up on the trestle, the victim did so. The defendants then forced him to go to an area on the bank of the creek.

Abee threatened the victim and told him that he was going to kill his family. He ordered the victim to take off his clothes, ripped his shirt and threw the clothes into the creek. A third man with the defendants had suggested that they take the victim's clothes off, throw them in the creek and make him walk home naked.

Abee told the boy to bend over and pushed him down. Both defendants forced the victim to perform fellatio on them more than once. Abee stuck his finger in the victim's anus. Jones attempted to put his penis in the victim's rectum.

The victim testified that he smelled alcohol on the defendants' breath and saw them drink alcohol. Both defendants kicked and hit him. Abee hit him on the jaw and chipped his tooth. After Jones left the riverbank and went back up to the trestle, Abee continued to hit the victim in an effort to get him to give money to Abee. The victim offered to give him $150 but Abee continued to hit him. Jones and a third man left the scene. Abee left a few minutes later.

The victim crawled up the bank and went to a nearby used car lot, where he was given a towel and the police were called. He was then taken to a hospital, where he was treated and released after a few hours.

Both defendants were indicted on two counts of first degree sexual offense in violation of G.S. 14-27.4 and one of kidnapping in violation of G.S. 14-39. After being examined by psychiatrists at Dorothea Dix Hospital in Raleigh, both defendants were adjudged competent to proceed.

On 15 December 1981, both defendants pled guilty to one count of second-degree sexual offense in violation of G.S. 14-27.5. The other two charges were dismissed against each defendant. Both were given credit for time already served, sentence was to be set by the judge without recommendation from the District Attorney and work release and committed youthful offender's status were to be requested by the defendants' attorneys.

A sentencing hearing was held where evidence was presented that established a factual basis for the guilty pleas. The trial judge sentenced Abee to twenty years imprisonment after finding that the .eight aggravating factors outweighed the nine mitigating ones. This sentence was less than the forty-year max-

imum allowed by G.S. 14-1.1, but greater than the twelve-year presumptive sentence under G.S. 15A-1340.4(f)(2). Although Abee was not given committed youthful offender status, he was recommended for work release when eligible.

Jones was given an eighteen-year sentence and was recommended for work release, even though he was denied committed youthful offender status. The trial judge found that the seven aggravating factors outweighed the twelve mitigating ones in his case.

Motions for appropriate relief were filed by both defendants soon after the trial ended. Because the trial judge did not rule on them within ten days, they were deemed denied. Both defendants then appealed to this Court.

*Attorney General Edmisten, by Assistant Attorney General Steven F. Bryant, for the State.*

*Ellis L. Aycock for defendant Jones.*

*Byrd, Triggs, Mull & Ledford, by John R. Mull, for defendant Abee.*

ARNOLD, Judge.

All of the assignments of error by both defendants attack their sentences, which were greater than the presumptive sentence under G.S. 15A-1340.4(f). We consider the appeals separately to avoid confusion of the issues.

ABEE'S APPEAL

[1] Abee attacks the trial court's finding of six of the eight aggravating factors. He first argues that the elements of second-degree sexual offense were considered as aggravating factors in violation of G.S. 15A-1340.4. Abee points to the court's finding as an aggravating factor that the offense was "especially heinous, atrocious, or cruel."

We reject this argument because this factor is not an element of second-degree sexual offense under G.S. 14-27.5, which requires "a sexual act with another person . . . [b]y force and against the will of the other person. . . ." In addition, the facts of this case support a finding by the trial judge that the offense was "especially heinous, atrocious, or cruel."

[2]   There are sufficient facts in the record to support the aggravating factors that the offense occurred "during a course of conduct wherein the victim was repeatedly beaten," and that the conduct was "equivalent to terrorizing the victim" and that he was restrained and removed "from one place to another." We find that these three aggravating factors are "proved by the preponderance of the evidence and . . . are reasonably related to the purposes of sentencing," as G.S. 15A-1340.4 requires.

It should be noted that the statute does not require a specific fact finding on each factor to be considered in sentencing, as Abee argues in his second assignment of error. All that is necessary is that the record support the factor by a "preponderance of the evidence."

[3]   Defendant is correct that the aggravating factors of repeated acts of fellatio and that Abee inserted his finger into the victim's rectum were improperly considered. G.S. 15A-1340.4 prohibits using "evidence necessary to prove an element of the offense . . . to prove any factor in aggravation. . . ."

In this case, second-degree sexual offense requires a "sexual act." G.S. 14-27.5(a). G.S. 14-27.1(4) includes in the definition of "sexual act" the acts of "fellatio" and "the penetration . . . by any object into the . . . anal opening of another person's body." Thus, the very evidence required to prove the offense that Abee pled guilty to was also considered as a factor in aggravation, as prohibited by the statute. We do not find it important that more than one act of fellatio occurred while G.S. 14-27.5(a) only requires one "sexual act." The same evidence was still used in a prohibited manner.

But we do not find this error to require a remand. As was held in *State v. Ahearn*, 59 N.C. App. 44, 295 S.E. 2d 621 (1982), defendant must show both prejudice and that a different result would have occurred if the factors had been properly considered. Even though the trial judge in *Ahearn* considered some aggravating factors not supported by the evidence, the court found no grounds for a reversal. It relied on G.S. 15A-1442(6), which requires a showing of prejudice before reversal, and G.S. 15A-1443 (a), which defines prejudice as a reasonable possibility that the result would have been different had the error not been commit-

ted. We agree with the rationale of *Ahearn* and find no reversible error here.

[4] Abee's assignments of error three and four attack the sentence as not being the result of a proper weighing of factors. He argues in essence that because the mitigating factors are greater in number that the sentence should have been lower than the statutory presumption of twelve years.

We reject this argument because G.S. 15A-1340.4 does not remove all discretion in sentencing from trial judges. Just because the number of mitigating factors was greater than the aggravating ones does not preclude the trial judge from finding that the aggravating factors outweigh the mitigating ones.

> The discretionary task of weighing mitigating and aggravating factors is not a simple matter of mathematics. . . . The number of factors found is only one consideration in determining which factors outweigh others. . . . The balance struck by the trial judge will not be disturbed if there is support in the record for his determination.

*State v. Davis*, 58 N.C. App. 330, 333-34, 293 S.E. 2d 658, 661 (1982).

[5] Abee's final attack is on the finding by the trial judge that he would not benefit from sentencing as a committed youthful offender. G.S. 148-49.14 allows a court in its discretion to sentence as committed youthful offenders those under twenty-one who have been convicted of an offense punishable by imprisonment. The statute requires that a "no benefit" finding be made on the record before sentence is imposed.

We hold that marking the box beside the statement "that the defendant will not benefit from being sentenced as a youthful offender" on the sentencing form is sufficient to comply with the statute. All cases on this point cited by both parties were decided before the 1 July 1981 effective date of the Fair Sentencing Act and the use of the new sentencing form. As a result, they are distinguishable on the facts. It should be pointed out, however, that G.S. 148-49.14 has been interpreted not to require "any specific language in order for the 'no benefit' finding to be effec-

tive." *State v. White*, 37 N.C. App. 394, 399, 246 S.E. 2d 71, 74 (1978).

After consideration of the arguments discussed above, we find no abuse of discretion in the denial of Abee's motion for appropriate relief and no error on his appeal.

No error.

## JONES' APPEAL

[6] Jones contends that there is no evidence that he inserted his finger or any object into the victim's anus. As a result, he argues that it was error for the trial judge to find this as an aggravating factor.

We do not find this to be error for two reasons. First, the aggravating factor that Jones points to states in full:

> The offense was committed during a course of conduct wherein the victim was repeatedly beaten with fists, resulting in bodily injury and abused, by fingers inserted in his rectum; . . . .

When the trial judge listed aggravating factors in Abee's case, a semicolon was put between the bodily injury factor and the abuse factor. We interpret the lack of such a punctuation mark in Jones' case to mean that the entire phrase was one aggravating factor. This aggravating factor is supported by competent evidence.

Second, the ability of Jones to show prejudice from this factor is weakened because his sentence was two years shorter than Abee's. This is especially true given the fact that the aggravating factors listed for both defendants were identical except for the one difference in punctuation in this aggravating factor.

Ten of Jones' eleven assignments of error are substantially similar to Abee's arguments and do not warrant discussion. After a careful consideration of Jones' arguments on those ten alleged mistakes, we find no error for the reasons stated above.

No error.

Judge HILL concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

Although the majority finds that the trial court erred by considering in aggravation "evidence necessary to prove an element of the offense," it holds that the error is not prejudicial unless the defendants show that a different result would have been reached had the court not erroneously considered the evidence. The situation presented in *State v. Ahearn, supra*, relied upon by the majority, is distinguishable. The issue in the case under discussion does not relate to either (1) consideration of some aggravating factors not supported by the evidence or (2) the discretionary task of weighing mitigating and aggravating factors to increase or reduce sentences from the presumptive term. The trial court has *no discretion* to even *consider* evidence necessary to prove an element of the offense in aggravation according to the clear terms of G.S. 15A-1340.4. Therefore, the rationale of *Ahearn* is inapplicable to the question presented in this case. I would hold that consideration of evidence necessary to prove an element of the offense to prove any factor in aggravation violates the intent and spirit of basic fairness of the Fair Sentencing Act and is therefore, reversible per se. See Judge Wells' dissenting opinion in *State v. Ahearn, supra*.

It is my opinion that the cases should be remanded for a new hearing to determine an appropriate sentence.